Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
    A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501       Fax (888) 316-6107
e-mail: baruchcohen@baruchcohenesq.com

*Attorney for Defendant Philip Joseph Jaurigui*

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>PHILIP JOSEPH JAURIGUI,<br><br>      Debtor<br>_____<br><br>7175 WB, LLC, a California Limited Liability Company,<br><br>      Plaintiff<br><br>vs.<br><br>PHILIP JOSEPH JAURIGUI,<br><br>      Defendant | Case No. 2:16-bk-24760 RK<br><br>Adversary No. 2:19-ap-01142-RK<br><br>Assigned to the Honorable Robert N. Kwan<br><br>Chapter 7<br><br>**DEFENDANT'S ANSWER TO COMPLAINT FOR OBJECTION TO DISCHARGE UNDER §§ 727(a)(2), (4), AND (7)**<br><br>Status Conference:<br><br>Date: 7-16-2019<br>Time: 1:30pm<br>Courtroom: 1675<br>Place: 255 East Temple St., Los Angeles CA 90012 |

    Defendant Philip Joseph Jaurigui ("Defendant") hereby files *Defendant's Answer to Complaint for Objection to Discharge under §§ 727(a)(2), (4), and (7)("Answer")* filed by Plaintiff 7175 WB, LLC, a California Limited Liability Company ("Plaintiff").

    On 5-15-2019, Plaintiff filed this Complaint [Doc-1]. On 5-16-2019, this Court issued its *Summons & Notice of Status Conference* [Doc-2], setting the response date for 6-17-2019. However, Plaintiff never served Defendant with same in violation of LBR 7004-1(b). Notwithstanding Plaintiff's failure to serve the *Complaint* and the *Summons & Notice of Status Conference*, Defendant is answering it accordingly.

6/17-8:24pm

## GENERAL DENIAL

Defendant generally denies each and every allegation of Plaintiff's Complaint.

## JURISDICTIONAL ALLEGATIONS

1. Admit
2. Admit
3. Admit.
4. Admit

## THE PARTIES

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and on that basis denies the allegations therein.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and on that basis denies the allegations therein

7. Admit

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on that basis denies the allegations therein

9. Admit

10. Admit

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and on that basis denies the allegations therein.

## GENERAL ALLEGATIONS

12. Deny

13. Deny. Defendant was under no obligation under the Bankruptcy Code to list specific assets of the Swing House Corporation in his personal bankruptcy. It is

Defendant's understanding that the insurance coverage in question would not cover Plaintiff's claims.

14. Deny. Defendant was under no obligation under the Bankruptcy Code to list specific assets of the Swing House Corporation in his personal bankruptcy. It is Defendant's understanding that the insurance coverage in question would not cover Plaintiff's claims.

15. Deny

16. See below:
    a. First sentence - Admit.
    b. Second sentence - Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, 2nd sentence and on that basis denies the allegations therein. Defendant believes that both contracts expired by its terms before the Debtor's personal bankruptcy was filed on 11-8-2016.
    c. Third sentence - Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, 3rd sentence and on that basis denies the allegations therein. Defendant denies that *after* 2015, Defendant entered into contracts on behalf of Swing House and these contracts conferred legal rights on Swing House's behalf concerning Tender Box and Jared.

17. See below:
    a. First sentence - Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, 1st sentence and on that basis denies the allegations therein.
    b. Second sentence - Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, 2nd sentence and on that basis denies the allegations therein.

|   |     |    |                                                                                       |
|---|-----|----|---------------------------------------------------------------------------------------|
| 1 |     | c. | Third sentence - Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, 3rd sentence and on that basis denies the allegations therein. |
| 2 | 18. |    | Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and on that basis denies the allegations therein. |
| 3 | 19. |    | See below: |
|   |     | a. | First sentence - Deny |
|   |     | b. | Second sentence - Deny. Defendant was under no obligation under the Bankruptcy Code to list specific assets of the Swing House corporation in his personal bankruptcy. |
|   | 20. |    | See below: |
|   |     | a. | First sentence - Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on that basis denies the allegations therein. |
|   |     | b. | Second sentence - Deny. Defendant believes that both contracts expired by its terms and therefore there were no monies received and therefore no monies due. |
|   | 21. |    | Deny |
|   | 22. |    | Deny |
|   | 23. |    | See below: |
|   |     | a. | First sentence - Deny |
|   |     | b. | Second sentence - Deny |
|   | 24. |    | See below: |
|   |     | a. | First sentence - "one of the artists, Jared, produced a second master recording" - Admit. |
|   |     | b. | First sentence - "for which Swing House held (and still holds) ownership |

|  |  |  |  |
|---|---|---|---|
| 1 |  |  | rights under the Artist Contracts" - Deny |
| 2 |  | c. | Second sentence - Deny. Defendant believes that the Jared contract expired by its terms and therefore there was no monies received and therefore no monies due. |
| 5 |  | d. | Third sentence - Deny |
| 6 | 25. | See below: |  |
| 7 |  | a. | First sentence - Deny |
| 8 |  | b. | Second sentence - Admit |
| 9 |  | c. | Third sentence - Deny |
| 10 | 26. | See below: |  |
| 11 |  | a. | First sentence - Deny |
| 12 |  | b. | Second sentence - Deny |
| 13 |  | c. | Third sentence - Deny |
| 14 |  | d. | Fourth sentence - Deny |
| 15 |  | e. | Fifth sentence - Admit |
| 16 |  | f. | Sixth sentence - Deny |
| 17 | 27. | Deny |  |
| 18 | 28. | See below: |  |
| 19 |  | a. | First sentence - Deny |
| 20 |  | b. | Second sentence - Deny |
| 21 | 29. | Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis denies the allegations therein. |  |
| 24 | 30. | See below: |  |
| 25 |  | a. | First sentence - Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, 1st sentence and on that basis denies the allegations therein. |

      b.    Second sentence - Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, 2nd sentence and on that basis denies the allegations therein.

      c.    Third sentence - Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, 3rd sentence and on that basis denies the allegations therein.

31.    See below:

      a.    First sentence - Deny

      b.    Second sentence - Deny

32.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and on that basis denies the allegations therein.

33.    Deny

34.    See below:

      a.    First sentence - Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, 1st sentence and on that basis denies the allegations therein.

      b.    Second sentence - Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, 2nd sentence and on that basis denies the allegations therein.

35.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and on that basis denies the allegations therein.

36.    See below:

      a.    First sentence - Admit

      b.    Second sentence - Admit

37.    Admit

| | | | |
|---|---|---|---|
| 1 | 38. | | Admit |
| 2 | 39. | | See below: |
| 3 | | a. | First sentence - "Not disclosing the details of the Occidental Refinance" |
| 4 | | | Deny - Defendant's ex-girlfriend applied for the refinance - not Defendant, |
| 5 | | | and therefore, Debtor was under no obligation under the Bankruptcy Code |
| 6 | | | to list the refinance in his personal bankruptcy. |
| 7 | | b. | First sentence - "including without limitation the disposition of property and |
| 8 | | | funds in connection with the Occidental Refinance" - Admit |
| 9 | | c. | Second sentence - "Omitting his alleged ownership rights in the Artist |
| 10 | | | Contracts concerning the Tender Box" Deny. Defendant believes that both |
| 11 | | | contracts expired by its terms and therefore there was no asset to disclose in |
| 12 | | | his bankruptcy. |
| 13 | | d. | Third sentence - "Omitting his alleged ownership rights in the Artist |
| 14 | | | Contracts concerning Jared - Deny. Defendant believes that both contracts |
| 15 | | | expired by its terms and therefore there was no asset to disclose in his |
| 16 | | | bankrupty. |
| 17 | | e. | Fourth sentence - Defendant is without knowledge or information sufficient |
| 18 | | | to form a belief as to the truth of the allegations in Paragraph 40 and on that |
| 19 | | | basis denies the allegations therein. |
| 20 | 40. | | Deny |

**FIRST CLAIM FOR RELIEF - 11 U.S.C. § 727(a)(2) & (7)**

| | | | |
|---|---|---|---|
| 22 | 41. | | Deny |
| 23 | 42. | | Deny. Defendant was under no obligation under the Bankruptcy Code to list |
| 24 | | | specific assets of the Swing House corporation in his personal bankruptcy. |
| 25 | 43. | | Deny |
| 26 | 44. | | Deny; see below |
| 27 | | a. | Deny. Defendant was under no obligation under the Bankruptcy Code to list |

|    |     |                                                                                                   |
|----|-----|---------------------------------------------------------------------------------------------------|
| 1  |     | specific assets of the Swing House corporation in his personal bankruptcy. |
| 2  | b.  | Defendant denies that he did not disclose the details of the Occidental |
| 3  |     | Refinance because the Defendant's ex-girlfriend applied for the refinance - |
| 4  |     | not Defendant, and therefore, Debtor was under no obligation under the |
| 5  |     | Bankruptcy Code to list the refinance in his personal bankruptcy. However, |
| 6  |     | Defendant admits that he did not disclose the disposition of property and |
| 7  |     | funds in connection with the Occidental Refinance. |
| 8  | c.  | Deny. |
| 9  | d.  | Deny |
| 10 | 45. | Deny |

**SECOND CLAIM FOR RELIEF - 11 U.S.C. § 727(a)(4) & (7)**

46. Deny

47. Deny

48. Deny. Defendant was under no obligation under the Bankruptcy Code to list specific assets of the Swing House corporation in his personal bankruptcy.

49. (i-iv) Deny

50. Deny

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
**(FAILURE TO STATE A CLAIM)**

51. Plaintiff's Complaint fails to state a claim upon which relief may be granted. Defendant was under no obligation under the Bankruptcy Code to list specific assets of the Swing House corporation in his personal bankruptcy. It is Defendant's understanding that the insurance coverage in question would not cover Plaintiff's claims.

**SECOND AFFIRMATIVE DEFENSE**
**(ESTOPPEL)**

52. Plaintiff's claims are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE
### (LACHES)

53.  Plaintiff's claims are barred by the doctrine of laches. Plaintiff conducted no 2004 examination of the Debtor to ascertain facts before alleging them.

### FOURTH AFFIRMATIVE DEFENSE
### (WAIVER)

54.  Plaintiff's claims are barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

55.  Plaintiff's claims are barred or abated substantially by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE)

56.  Without any admission by Defendant that Plaintiff suffered injury in any way, to the extent that Plaintiff did suffer such injury, its claims are barred in whole or in part because it failed to use reasonable means to prevent the alleged damage and failed to use reasonable means to mitigate its damages. Plaintiff conducted no 2004 examination of the Debtor to ascertain facts before alleging them. It is Defendant's understanding that the insurance coverage in question would not cover Plaintiff's claims.

### SEVENTH AFFIRMATIVE DEFENSE
### (NO DAMAGES)

57.  Plaintiff's claims fail in whole or in part to the extent they it suffered no damages. It is Defendant's understanding that the insurance coverage in question would not cover Plaintiff's claims.

### EIGHTH AFFIRMATIVE DEFENSE
### (SET-OFF)

58.  Plaintiff's alleged claims to damages are barred, in whole or in part, by the right of Defendant to a set-off against any such damages.

**NINTH AFFIRMATIVE DEFENSE**
**(ACTUAL KNOWLEDGE)**

59. Plaintiff had actual knowledge of the allege acts taken by the Defendant that allegedly damaged Plaintiff but did not take any action to controvert, stop or otherwise prevent the acts and in fact participated in the decision making of the acts that purportedly damaged Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**
**(NO DEFINED OMISSIONS WITHIN 1-YEAR PERIOD BEFORE FILING FOR BANKRUPTCY)**

60. The Complaint does not identify the dates of the alleged concealment activities within the one year period before filing for bankruptcy, as required by § 727(a)(2)(A)(7).

**ELEVENTH AFFIRMATIVE DEFENSE**
**(INNOCENT AND INADVERTENT OVERSIGHT)**

61. Some of the alleged omissions were nothing more than an innocent and inadvertent oversight in the Debtor's personal bankruptcy. Defendant was under no obligation under the Bankruptcy Code to list specific assets of the Swing House corporation in his personal bankruptcy

**TWELFTH AFFIRMATIVE DEFENSE**
**(OMISSIONS OF IMMATERIAL VALUE)**

62. Some of the alleged omissions of assets were of negligible immaterial value to the Debtor's personal bankruptcy. Defendant was under no obligation under the Bankruptcy Code to list specific assets of the Swing House corporation in his personal bankruptcy. It is Defendant's understanding that the insurance coverage in question would not cover Plaintiff's claims.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(FEDERAL RULES OF CIVIL PROCEDURE 11)**

63. Plaintiff's Complaint violates Federal Rule of Civil Procedure 11(b)(3) and Federal Rule of Bankruptcy Procedure 9011(b)(3).

WHEREFORE, Defendant prays:

1. That this Court dismiss Plaintiffs' Complaint *with prejudice*;

2. That Plaintiff take nothing by its Complaint;

3. That Defendant's debts to Plaintiff be discharged.

4. That Defendant be granted his discharge.

5. That this Court issue a finding of fact that the claim brought by Plaintiff is dischargeable, and that this discharge should also serve to void any future judgment to determine the personal liability of Defendant and operate as a permanent injunction against any actions whether commenced pre-petition or post-petition.

6. That this Court award Defendant's costs and reasonable attorney's fees and costs in an amount which will be ascertained.

7. That this Court order such other and further relief in Defendant's favor as the Court may find just and proper.

DATED:    June 17, 2019         LAW OFFICE OF BARUCH C. COHEN
                                A Professional Law Corporation

                                /s/ Baruch C. Cohen
                                Baruch C. Cohen, Esq.
                                *Attorney for Defendant Philip Joseph Jaurigui*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

A true and correct copy of the foregoing document entitled: **DEFENDANT'S ANSWER TO COMPLAINT FOR OBJECTION TO DISCHARGE UNDER §§ 727(a)(2), (4), AND (7)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 6/17/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael D Good (PL) mgood@southbaylawfirm.com
Jason M Rund (TR) trustee@srlawyers.com, jrund@ecf.axosfs.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:  On 6/17/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 6/17/2019,, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Personal Delivery*
Hon. Robert N. Kwan, USBC, Central District of California, 255 E. Temple Street, Suite 1682, Los Angeles CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/17/2019 | Baruch C. Cohen, Esq. | */s/ Baruch C. Cohen* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**